IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROLYN L. STAPP,
        Plaintiff,

vs.

THE CURRY COUNTY BOARD OF COUNTY
COMMISSIONERS, a political sub-division
Existing under the laws of the State of New Mexico,
        Defendant         No_____

## CIVIL COMPLAINT FOR VIOLATION OF THE ADEA AND RETALIATION

COMES NOW, Plaintiff Carolyn L. Stapp by and through her undersigned attorney Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, New Mexico, and for her Civil Complaint states:

### Nature of the Action

1. This is an action brought pursuant to the Age Discrimination Employment Act (ADEA), 29 U.S.C. §626 et seq. for age discrimination and retaliation for having complained of age discrimination.

### Parties

2. Plaintiff a white female, age 56, is an individual residing in Clovis, New Mexico.

3. The Curry County Board of County Commissioners is a political sub-division of the State of New Mexico, and can be sued pursuant to 4-46-1 NMSA 1987. The Curry County Board of County Commissioners has its principal offices in Clovis, Curry County, New Mexico. It may be served by the County Clerk, 700 North Main Street, Clovis, New Mexico, 88101.

4. The Curry County Board of County Commissioners is a "public employer" within the meaning of the New Mexico "Whistleblower Protection Act".

5. At all times material to this law-suit Defendant operated the Curry County Detention Center at 801 Mitchell Street, Clovis, New Mexico.

6. At all relevant times, Defendant employed more than twenty people.

## Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADEA.

8. The United States District Court for New Mexico is the proper venue for this action pursuant to 28 U.S.C. §§1391 (b) (1) and (b) (2) because this is the District and Division in which Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

## Procedural Prerequisites

9. On June 11, 2012 Plaintiff filed a charge of discrimination against Defendant in the Albuquerque office of the Equal Employment Opportunity Commission ("EEOC").

10. More than sixty days have elapsed since Plaintiff filed her charge with the EEOC.

11. Plaintiff received a Right-to-Sue Letter dated January 30th, 2015 and fewer than ninety days have elapsed since Plaintiff received same.

## Factual Background

12. Plaintiff was born in 1958 and was 54 years old at the time she filed her charge of discrimination.

13. Plaintiff began working for Defendant on January 14th, 2011 as a Booking Officer at the Curry County Detention Center.

14. Plaintiff served as a booking officer for the Defendant through March 26th, 2012.

15. Beginning in October, 2011 several Detention Officers who were all much younger than Plaintiff began harassing and intimidating Plaintiff on a daily basis. Correctional officers Padilla, Plaintiff was taunted on a daily basis with such taunts as "old woman." In addition, fun would be made by

3

correctional officers and supervisors of Plaintiff's dentures as well as her eye glasses on a regular, repeated basis. Fellow Correction Officers and supervisors claimed on a regular and repeated basis that Plaintiff's eye glasses looked like "coke bottles" because of the thick lenses. These repeated and consistent comments embarrassed, and humiliated Plaintiff and interfered with her ability to perform her job as a booking officer and created a hostile work environment.

16. On March 21st, 2011 Rhonda Long Assistant Supervisor was very hostile, and rude when she slammed files down beside Plaintiff and told Plaintiff are you scared. Plaintiff asked her what's wrong and she walked away.

17. In October, 2011 both Cheryle Jouett (booking supervisor), and Rhonda Long (assistant booking supervisor), were present when fellow correctional officers called Plaintiff "old woman" and made fun of Plaintiff's dentures. Neither one of the supervisors said anything to stop the harassment which was embarrassing and humiliating to Plaintiff. Rhonda Long would instigate harassment by telling other detention officers "she has dentures." Detention Officers (including Padilla, Soeto), would say when Plaintiff was eating lunch "you better be careful or your dentures will fall out, we don't

want your dentures on the floor." These statements were embarrassing and humiliating and were constantly made to Plaintiff.

18. When Plaintiff would get up from a chair detention officers would say be careful that you don't fall or "do you need a cane."

19. Detention officers and Sergeants continuously used foul use of carnal knowledge (f**k), in front of me. I asked that it be stopped because it was embarrassing and humiliating to me. Plaintiff asked one correction officer don't you have respect for women, and he answered "no, I don't have any."

20. Plaintiff complained to the Assistant Head Booking Officers that these continuous statements were creating a hostile work environment. No action was taken to stop the harassment.

21. On February 21st, 2012, Plaintiff complaint to Tori Sandoval the Detention Center Administrator. I told Ms. Sandoval that I took medications that prevented me from working at night. Tori Sandoval suggested a meeting. However, Plaintiff told her that Plaintiff did not want my name mentioned. She assured that Plaintiff's name would not be mentioned. A meeting was held on February 27th, 2012 with other booking officers.

22. On February 21st, 2012 Plaintiff informed Tori Sandoval that Rhonda Long was taking off half a day on Sundays when she was scheduled to work eight hours. That Long had been taking off since March, 2011.

23. Shortly after the meeting, Plaintiff became the target of retaliation by the Head Booking Officer (Cheryle Jouett), the Assistant booking Officer (Rhonda Long), the Lieutenant (Lucero), and the Sergeant (Zack Boone). This retaliation including but was not limited to being talked down to in a humiliating fashion, being yelled at for no apparent reason; questioning Plaintiff's decision making, and treating Plaintiff with little or no respect. In addition, Plaintiff never received her annual performance appraisal or her raise. Rhonda Long came up to Plaintiff after the meeting was over and was harassing Plaintiff about what medication Plaintiff took at night.

24. On March 3rd, 2012 Plaintiff asked for a day off because of the harassment from Cheryle Jouett on March 2nd, 2012. It caused Plaintiff to be sick emotionally, physically and mentally. Plaintiff requested this day off from Sgt. Boone who told Plaintiff that he would have to write a statement about it when he got off work.

25. On March 4th, 2012 Rhonda Long told Plaintiff that anything Plaintiff told the administration takes everything to the County Manager's office.

26. On March 8th, 2012 Plaintiff spoke to the Curry County Personnel Coordinator. Plaintiff told the Personnel Coordinator that things were not good, that she needed to get out of the booking department. Plaintiff explained to the personnel director what happened on March 2nd, 2012. Plaintiff further explained that she had gone through the chain of command including a meeting with Tori Sandoval and nothing was done. Plaintiff was told that an investigation would be opened, that there was zero tolerance for the type of behavior that I had to endure. However, nothing was ever done.

27. On March 11th, 2012 while in the booking area Sgt. Boone, the supervisor in charge of booking called Plaintiff a devil worshipper and a devil in front of Rhonda Long. Plaintiff asked why she was being called such names, but he never responded and left the booking department. This was embarrassing and humiliating to Plaintiff.

28. On March 11th, 2012, Plaintiff was going to add a new inmate into the computer, but Rhonda Long became hostile and pushed Plaintiff out of the way of the computer. This was embarrassing and humiliating to Plaintiff.

29. On March 18th, 2012 Shelia Morrison became a supervisor of the booking department despi8te the fact that she could not book inmates or release

inmates because she was not trained nor had any skills to book or release inmates.

30. On March 20th, 2012 the animosity from Cheryle Jouett, Rhonda Long and Sheila Morrison was high.

31. On March 23rd, 2012, Plaintiff telephoned the personnel director Carrie Wilhite and told her that Sheila Morrison was being extremely rude towards Plaintiff. The personnel director said she would open an investigation. Plaintiff told the personnel coordinator that she just could not take the treatment anymore. The personnel coordinator was informed that Plaintiff was suffering emotionally, and that she was being forced to resign. The personnel director said she did not know why they were treating Plaintiff like that. The personnel director said she would get this taken care of. Plaintiff told the personnel director that she could not handle the retaliation, hostile work environment, harassment and animosity and that she was being forced to resign because of the hostile work environment.

32. On March 26th, 2012 the environment became so hostile that no reasonable person could be expected to continue to work in such an environment. Plaintiff was forced out of her employment because of the

hostile work environment and tendered her resignation because of the hostile work environment on March 26th, 2012.

33. Plaintiff gave her forced resignation to the Assistant County Manager Connie Harrison on March 26th, 2012. Plaintiff told the Assistant Manager that she could no longer work in the retaliatory, hostile work environment; that she could not take any more mental, physical and emotional abuse.

34. On March 28th, 2012 the Curry County personnel coordinator was no longer employed by Defendant.

## COUNT I: AGE DISCRIMINATION

35. Plaintiff re-alleges and incorporates the allegations contained above and below as if set forth in full herein.

36. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her age in violation of the ADEA.

37. The Defendant failed to exercise reasonable care to prevent and correct promptly any harassing behavior.

38. Plaintiff took advantage of Defendant's harassment policy by complaining about the harassment, but the Defendant failed to take adequate measures to correct the harassing behavior.

39. Two of the harassing officials had supervisory authority over Plaintiff and other females.

## COUNT II: RETALIATION

40. Plaintiff re-alleges and incorporates the allegations contained above and below as if set forth in full herein.

41. Defendant retaliated against Plaintiff for making a complaint for age discrimination in the terms and conditions of her employment including failing to give her a raise and otherwise creating an even worse hostile work environment based on age.

42. Plaintiff has attempted to seek employment elsewhere for the last three years, but is turned down usually after contact with individuals associated with Defendant.

## COUNT III-VIOLATION OF THE "WHISTLEBLOWER PROTECTION ACT"

COMES NOW, Plaintiff by and through her undersigned attorney and for Count III-Violation of the "Whistleblower Protection Act" state:

43. The allegations contained above and below are incorporated herein by reference as if set forth in full herein.

44. The Defendant took retaliatory action against Plaintiff in violation of the Whistleblower Protection Act by among other things retaliating against

Plaintiff for informing her employer that Rhonda Long was only working ½ days and by complaining of the hostile work environment

45. Plaintiff engaged in protected activity under the "Whistleblower Protection Act" as set forth above and below by among other things communicating to the Defendant or a third party information about an action or a failure to act that Plaintiff believed in good faith constituted an unlawful or improper act and objecting to or refusing to participate in an activity, policy or practice that constituted an unlawful or improper act.

46. Plaintiff suffered a retaliatory action because she engaged in protected activity.

47. A motivating factor in Defendant retaliatory action was because she engaged in protected activity under the "Whistleblower Protection Act" as set forth herein.

48. Plaintiff has been damaged as a result of Defendant's violation of the "Whistleblower Protection Act."

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Entry of judgment in favor of Plaintiff against Defendant;

B. Back pay;

C. Reinstatement, or in the alternative, front pay;

D. Liquidated damages pursuant to 29 U.S.C. §626(b);

E. Attorney's fees and costs; and

F. Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## Demand for trial by jury

Comes Now, Plaintiff and makes demand for a trial before a jury on all such issues so determinable.

1. The Seventh Amendment (right to jury trial), applies to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

2. When Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be made available if the action involves rights and remedies of the sort typically enforced in an action at law. *Curtis v. Loether,* 415U.S.189, 194-95, 94 S.Ct.1005, 1008, 39L. Ed. 2d 260 (1974).

Respectfully Submitted:

/s/ Eric D. Dixon

---

Eric D. Dixon
Attorney and Counselor at Law, P.A.
301 South Avenue A,
Portales, New Mexico, 88130
(575) 359-1233
Facsimile: (575) 356-4946
Attorney for Plaintiff

**VERIFICATION**

STATE OF NEW MEXICO )
                    ) ss.
COUNTY OF ROOSEVELT )

I Carolyn L. Stapp being first duly sworn upon my oath state that I am the above named Plaintiff, that I have read and understand the foregoing Complaint and the allegations contained therein are true and correct based on my own personal knowledge and/or belief.

_____
CAROLYN L. STAPP

Subscribed and sworn to before me this 27th day of April, 2015 by Carolyn L. Stapp.

_____
NOTARY PUBLIC

My Commission Expires:

June 7, 2017